Michael Hendershot (CA State Bar No. 211830)
mhendershot@jonesday.com
Eamon Heaney (CA State Bar No. 360323)
eheaney@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94306
Telephone: (650) 739-3940
Fax: (650) 739-3900

Michael Lavine (CA State Bar No. 321727)
mlavine@jonesday.com
JONES DAY
555 California St 26th floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Fax: (415) 875-5700

Attorneys for Plaintiff
Five9, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

FIVE9, INC.,

     Plaintiff,

v.                                                                    Case No.

RANDOM CHAT, LLC

     Defendant.

_____/

## **VERIFIED COMPLAINT**

Plaintiff Five9 LLC ("Five9") files this complaint for declaratory judgment of non-infringement and subject-matter ineligibility against defendant Random Chat, LLC ("Random Chat") and in support of its Complaint alleges as follows:

### **INTRODUCTION**

1.    This is an action for a declaratory judgment of non-infringement and subject-matter ineligibility arising under the patent laws of the United States, Title 35 of the United States Code.

2.    Over the past year, Random Chat has filed complaints for patent infringement against several of Five9's customers, including Camelot SI, LLC (*Random Chat, LLC v. Camelot SI, LLC*, Case No. 2-25-cv-11583, E.D. Mich.) (collectively, the "RC Complaints").

3.      Five9 is not named as a defendant in the RC Complaints. However, in the RC Complaints, Random Chat alleges that chat support features provided by Five9's customers infringe U.S. Patent No. 8,402,099 ("the '099 patent"). *See Random Chat, LLC v. Camelot SI, LLC*, 2:25-cv-11583 (E.D. Mich. May 30, 2025), Dkt. 1 at 8-10; *Random Chat, LLC v. Aldo US, Inc.*, 2:25-cv-00072 (E.D. Tex. January 24, 2025), Dkt. 1 at 8-10; *Random Chat LLC v. Ace Hardware Corporation*, 2:24-cv-00584 (E.D. Tex. July 24, 2024), Dkt. 1 at 9-10; *Random Chat, LLC v. Abercrombie & Fitch Co.*, 2:24-cv-00450 (E.D. Tex. June 17, 2024), Dkt. 1 at 9-10; *Random Chat, LLC v. Estee Lauder Companies, Inc., d/b/a Aveda, Inc.*, 2:24-cv-00715 (E.D. Tex. August 30, 2024), Dkt. 1 at 8-10; *Random Chat LLC v. BPS Direct, LLC d/b/a Bass Pro Shops*, 7:24-cv-00174 (W.D. Tex. July 24, 2024), Dkt. 1 at 15-17.

4.      The accused functionality identified by Random Chat in the RC Complaints is implemented using Five9 technology, including: Five9 Advanced Chat Agent, and Five9 Digital IVA. *See* Exhibit 1 (Advanced Chat Agent Technical Documentation).

5.      Given that Random Chat has already sued Five9 customers and continues to file new suits for their alleged infringement of the '099 patent by using Five9's technology, Five9 has an objectively reasonable apprehension that Random Chat will continue to pursue its allegations of infringement.

6.      Random Chat's actions place a cloud of uncertainty on the commercial use of Five9's technology; threaten Five9's business and relationships with its customers and partners; and create a justiciable controversy between Five9 and Random Chat. As the supplier of the technology underlying the accused features in the RC Complaints, Five9 has an economic interest in that technology and its use in the marketplace. Five9 thus brings this action to obtain a declaratory judgment that Five9 does not infringe any claim of the '099 patent, directly or indirectly, literally, or under the doctrine of equivalents.

7.      Five9 denies that it has infringed or is infringing any claims of the '099 patent and denies that any claim of the '099 patent is valid or enforceable.

**THE PARTIES**

8.      Five9 LLC is a limited liability company organized and existing under the laws of

the state of Delaware, with its principal place of business at 3001 Bishop Drive, Suite 350, San Ramon, California.

9.      On information and belief, Defendant Random Chat is incorporated under the laws of the state of Texas with its principal place of business at 5900 Balcones Drive, Suite 100, Austin, Texas.

10.     Random Chat is a non-practicing entity with no known employees or business ventures. The company was incorporated on January 11, 2024. On that same day, it was assigned ownership of the '099 patent from Brandenburg Ventures GMBH, Steffen Roeder, Phillip Freiherr von Werther, and Karlheinz Brandenburg.

11.     Random Chat is managed by Pueblo Nuevo, LLC ("Pueblo Nuevo"). *See* Exhibit 2 (Random Chat Certificate of Formation). Upon information and belief, Random Chat was a wholly owned and controlled subsidiary of Pueblo Nuevo, LLC ("Pueblo Nuevo") at all material times.

12.     Over the past year, Random Chat has filed twenty-five patent infringement complaints asserting the '099 patent. Ramey LLP represents Random Chat in all of these lawsuits. *See* Exhibit 3 (Docket Navigator Search Result).

## **JURISDICTION AND VENUE**

13.     This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code.

14.     This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, et seq. For the reasons stated herein, Random Chat has created a real, live, immediate, and justiciable case or controversy between Random Chat and Five9 regarding alleged infringement of claims within the Patent-in-Suit.

15.     This court has personal jurisdiction over Random Chat because Random Chat, as an alter ego of Pueblo Nuevo, has availed itself of the benefits of the forum. Fifteen of Pueblo Nuevo's subsidiaries, listed below, have filed lawsuits in the Northern District of California. By filing lawsuits in this court, those subsidiaries have availed themselves of the benefits of the forum and are subject to personal jurisdiction here. In all but three of these cases, the plaintiff has been

represented by Ramey LLP.

| 1 | *PacSec3, LLC v. Juniper Networks, Inc.*, 5-21-cv-07812 (N.D. Cal. October 6, 2021) |
|---|---|
| 2 | *DatRec, LLC v. PrognoCIS, Inc.*, 3-21-cv-01595 (N.D. Cal. March 5, 2021) |
| 3 | *PacSec3, LLC v. Radware, Inc.*, 3-24-cv-02146 (N.D. Cal. April 10, 2024) |
| 4 | *mCom IP, LLC v. WestAmerica Bancorporation*, 3-24-cv-03609 (N.D. Cal. June 14, 2024) |
| 5 | *Silent Communication, LLC v. Adobe, Inc.*, 3-23-cv-02696 (N.D. Cal. May 31, 2023) |
| 6 | *AuthWallet LLC v. Visa Inc.*, 3-20-cv-04121 (N.D. Cal June 22, 2020) |
| 7 | *Linfo IP, LLC v. Third Love, Inc.*, 4-24-cv-02195 (N.D. Cal. April 12, 2024) |
| 8 | *Linfo IP, LLC v. Alibaba Group US Inc.*, 4-24-cv-03098 (N.D. Cal. May 22, 2024) |
| 9 | *Missed Call, LLC v. Twilio Inc.*, 3-24-cv-00681 (N.D. Cal. February 5, 2024) |
| 10 | *Missed Call, LLC v. RingCentral, Inc.*, 3-23-cv-06728 (N.D. Cal. December 31, 2023) |
| 11 | *Missed Call, LLC v. 8x8, Inc.*, 3-23-cv-06723 (N.D. Cal. December 30, 2023) |
| 12 | *Escapex IP LLC v. Google LLC*, 3-22-cv-08711 (N.D. Cal. December 13, 2022) |
| 13 | *SmartWatch MobileConcepts, LLC v. Google, LLC*, 3-24-cv-00937 (N.D. Cal. February 16, 2024) |
| 14 | *Haley IP, LLC v. Motive Technologies, Inc.*, 4-23-cv-02923 (N.D. Cal. June 14, 2023) |
| 15 | *WFR IP, LLC v. Alibaba Group US Inc.*, 3-24-cv-02179 (N.D. Cal. April 12, 2024) |
| 16 | *Street Spirit IP LLC v. Meta Platforms, Inc. f/k/a Facebook, Inc.*, 3-23-cv-00879 (N.D. Cal. February 27, 2023) |
| 17 | *Street Spirit IP LLC v. Instagram et al*, 3-23-cv-00883 (N.D. Cal. February 27, 2023) |
| 18 | *Street Spirit IP LLC v. LinkedIn Corporation*, 3-23-cv-00884 (N.D. Cal. February 27, 2023) |
| 19 | *WirelessWerx IP, LLC v. Zipline International, Inc.*, 3-24-cv-08462 (N.D. Cal. November 26, 2024) |
| 20 | *WirelessWerx IP, LLC v. Life360, Inc.*, 5-24-cv-08456 (N.D. Cal. November 26, 2024) |
| 21 | *WirelessWerx IP, LLC v. Uber Technologies, Inc.*, 3-23-cv-00990 (N.D. Cal. March 3, 2023) |
| 22 | *WirelessWerx IP, LLC v. Google, LLC*, 4-23-cv-01852 (N.D. Cal. April 17, 2023) |
| 23 | *WirelessWerx IP LLC v. Life360, Inc.*, 3-23-cv-06725 (N.D. Cal. December 30, 2023) |
| 24 | *WirelessWerx IP, LLC v. Wing Aviation LLC*, 4-24-cv-01040 (N.D. Cal. February 21, 2024) |
| 25 | *WirelessWerx IP, LLC v. Lyft, Inc.*, 5-24-cv-01144 (N.D. Cal. February 26, 2024) |
| 26 | *Autonomous IP, LLC v. Lyft, Inc.*, 3-24-cv-03348 (N.D. Cal. June 4, 2024) |
| 27 | *Koji IP, LLC v. Renesas Electronics America, Inc. f/k/a Intersil Corporation*, 3-24-cv-03089 (N.D. Cal. May 22, 2024) |
| 28 | *Koji IP, LLC v. Renesas Electronics America, Inc. f/k/a Intersil Corporation*, 3-23-cv-05752 (N.D. Cal. November 8, 2023) |
| 29 | *Koji IP, LLC v. Renesas Electronics America, Inc. f/k/a Intersil Corporation*, 1-23-cv-01674 (N.D. Cal. June 30, 2023) |

16.     As explained below, on information and belief there is no meaningful corporate distinction between Pueblo Nuevo and any of its managed subsidiaries.

## I. Factual Background

17.     Upon information and belief, Pueblo Nuevo is wholly owned by Hernan Perez. Upon information and belief, Mr. Perez is a citizen of Panama and resides there.

18.     Upon information and belief, Pueblo Nuevo is the financial backer of a single

common scheme to inundate defendants with nuisance lawsuits. Despite being a management company, upon information and belief Pueblo Nuevo has no management of its own. Instead, it is managed by Dynamic IP Deals, LLC ("Dynamic IP Deals"). Upon information and belief, the President and sole employee of Dynamic IP Deals is Carlos Gorrichategui.

19.     Upon information and belief, Pueblo Nuevo, Dynamic IP Deals, and Ramey LLP are all members of a single common enterprise that seeks to misuse the corporate form.

20.     Upon information and belief, the *modus operandi* of this enterprise is to create a shell company managed by Dynamic IP Deals (through Pueblo Nuevo) and use it to buy a low-value patent with Pueblo Nuevo's money. Upon information and belief, the shell then hires Ramey LLP to file a high volume of low-effort nuisance lawsuits alleging patent infringement. Upon information and belief, the merits of these complaints are irrelevant to the scheme; the enterprise makes settlement demands far below the cost of litigation, prompting many defendants to settle with little incentive to litigate on the merits. Money obtained from the settlement is then split between Ramey LLP, Pueblo Nuevo, and Dynamic IP Deals. *See Missed Call, LLC v. Freshworks, Inc.*, 1:22-cv-00739 (D. Del. June 6, 2022), Dkt. 34 at 17:16-18:5 (attached as Exhibit 6). Court filings show Ramey LLP is financially interested in the outcome of every case where Random Chat has asserted the '099 Patent[1]. *See* Exhibit 4 (Certificates of Interested Parties), Exhibit 5 (PatentProgress Article).

## II. Random Chat is an Alter Ego of Pueblo Nuevo

21.     Upon information and belief, Random Chat is a shell company with no meaningful corporate distinction between itself and Pueblo Nuevo.

22.     Pueblo Nuevo is the listed manager for thirty-two companies, including Random Chat. Pueblo Nuevo is the sole owner of at least one of these managed companies. *See Missed Call, LLC v. Freshworks, Inc.*, 1:22-cv-00739 (D. Del. June 6, 2022), Dkt. 34 at 17:23-24. Like Random Chat, Missed Call is also a patent plaintiff that was represented by Ramey LLP in eleven patent

---

[1] Mr. Ramey filed a Certificate of Interested Parties in each of these cases, stating that the only interested parties are the shell company and Ramey LLP. Yet, in *Missed Call, LLC v. Freshworks, Inc.*, Mr. Ramey admitted at an evidentiary hearing that the shell company was in fact a wholly-owned subsidiary of Pueblo Nuevo. *See Missed Call, LLC v. Freshworks, Inc.*, 1:22-cv-00739 (D. Del. June 6, 2022), Dkt. 34 at 13:20-24.

infringement lawsuits.

23.    Upon information and belief, Pueblo Nuevo is also the sole owner of the thirty-one other companies it manages.

24.    Pueblo Nuevo and its subsidiaries have "such unity of interest and ownership" that the separate personalities of the parent and the subsidiaries no longer exist. *Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42 (N.D. Cal. 2020). Pueblo Nuevo manages, at the time of writing, thirty-two companies. Thirty of these subsidiaries list the same business address as Pueblo Nuevo: 5900 Balcones Drive, Suite 100, Austin, Texas. *See* Exhibit 7 (Certificates of Formation). This is the same address as the registered agent for Pueblo Nuevo and all its subsidiaries, Texan Registered Agent LLC. *Id.* Each of these subsidiaries is a non-practicing entity with no known business activity. Each has, at most, a single transaction in the public record, that being the assignment of each shell company's patent or patents. In nearly all of these transactions, the agent signing for the subsidiary is Carlos Gorrichategui, the President and sole employee of Dynamic IP Deals. All but one of these subsidiaries has hired Ramey LLP to assert its patent or patents by filing waves of infringement lawsuits. *See* Exhibit 7 (Certificates of Formation), Exhibit 8 (Complaints Filed by Subsidiaries), Exhibit 9 (Patent Assignment Documentation). Upon information and belief, Pueblo Nuevo "totally controls the actions" of its subsidiaries, including Random Chat, so that "the subsidiary is the mere alter ego of the parent." *Howard v. Everex Sys., Inc.*, 228 F.3d 1057 (9th Cir. 2000).

25.    At least one of Pueblo Nuevo's subsidiaries has no separate assets and no financial stake in the litigations it pursues, with money from a judgment or settlement being distributed instead to Dynamic IP Deals, Ramey LLP, and Pueblo Nuevo. *See Missed Call, LLC v. Freshworks, Inc.*, 1:22-cv-00739 (D. Del. June 6, 2022), Dkt. 34 at 17:16-18:5. Upon information and belief, the same distribution structure exists in Pueblo Nuevo's other subsidiaries, including Random Chat.

26.    Upon information and belief, the purpose of Pueblo Nuevo's corporate structure is to "[manipulate] assets between entities so as to concentrate the assets in one and the liabilities in the other." *City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610 (N.D. Cal. 2020).

27.     Upon information and belief, Pueblo Nuevo and its subsidiaries have failed to observe corporate formalities, including holding annual shareholders' meetings, maintaining minutes of those meetings, and maintaining separate financial records or bank accounts.

28.     Upon information and belief, Defendant Random Chat LLC is a "mere shell for a single venture" of Pueblo Nuevo. *Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42 (N.D. Cal. 2020). Like Pueblo Nuevo's other subsidiaries, it has no meaningful separate identity. Random Chat LLC has the same business address, the same registered agent, and the same attorney as Pueblo Nuevo and at least twenty-nine of the thirty-one other Pueblo Nuevo subsidiaries. The only activity Random Chat has performed is filing infringement lawsuits regarding its '099 patent.

**III. Failure to disregard the corporate form would result in fraud or injustice**

29.     On information and belief, Pueblo Nuevo's enforcement strategy is to file a large volume of low-effort nuisance complaints, and make settlement demands far below the cost of litigation. *See CTD Networks, LLC v. Microsoft Corporation*, 6:22-CV-01049 (W.D. Tex. Oct. 6, 2022), Dkt. 65 at 7 (attached as Exhibit 10).

30.     On information and belief, Pueblo Nuevo's business model is premised on propping up shell corporations with no assets, so that they are unrecoverable. This allows the companies to file reckless and/or "objectively baseless" complaints, without fear of fee awards or sanctions. *See EMED Techs. Corp. v. Repro-Med Sys., Inc.*, 809 F. App'x 885 (Fed. Cir. 2020) (attached as Exhibit 11).

31.     This practice has repeatedly been found to be unjust, and has subjected Pueblo Nuevo's subsidiaries and its attorney Ramey LLP to sanctions and attorney fee awards. *See e.g., Silent Communications, LLC v. BlackBerry Corp.*, No. 6:22-cv-00252 (W.D. Tex. Mar 08, 2022), Dkt. 68 ("If Plaintiff and Ramey had in fact conducted even a minimally diligent investigation into Plaintiffs claims-including whether Plaintiff had standing-they would have recognized (or at least should have recognized) that Plaintiff was not the actual owner of the patent and had no rights to bring this suit."); *EscapeX IP LLC v. Google LLC*, No. 22-CV-08711 (VC), 2023 WL 5257691, at *1 (N.D. Cal. Aug. 16, 2023) ("EscapeX conducted no serious pre-suit investigation and that th[e] case was frivolous from the start." ); *EscapeX IP LLC v. Google LLC*, No. 23-CV-10839 (VSB)

(VF), 2025 WL893739, at *10-11 (S.D.N.Y. Mar. 24, 2025) ("As other courts have noted, Plaintiff's counsel has a track record of commencing 'frivolous suits' against 'tech giant[s]' like Google, for the purpose of 'forc[ing] a modest settlement . . . on the assumption that the tech giant will prefer to capitulate than fight back. . . . The conduct by Plaintiff's counsel's here is part of a long pattern of similar behavior that warrants deterrence through an award under § 1927.").

32.    Pueblo Nuevo's and Ramey's latest wave of patent litigation via the Random Chat shell bears all the hallmarks of their prior practices that have prompted sanctions by numerous courts across the country, including the Northern District of California, and therefore failure to disregard the corporate form, on information and belief, would result in fraud or injustice.

**IV. Defendant Random Chat has purposefully directed enforcement activities at Five9 in this District**

33.    This Court also has personal jurisdiction over Random Chat for another reason: Random Chat has purposefully directed enforcement activities at this District relating to the Patent-in-Suit. On information and belief, Random Chat knew the intended effects of its activities would be felt by Five9 and/or its customers in this District.

34.    Random Chat has directed enforcement activities by way of its prosecution of infringement claims, including by its RC Complaints and infringement contentions. On information and belief, in the RC Complaints against Five9's customers, Random Chat purposefully directed enforcement activities at Five9 by predicating alleged infringement of the Patents-In-Suit on chat support functionality that is implemented using Five9's technology developed and marketed in this District, where Five9 is headquartered. For example, Random Chat's complaint in *Random Chat, LLC v. Camelot SI, LLC* explicitly identifies Five9 as the originator of the accused technology. Specifically, the claim chart attached to the complaint identifies Five9 in several screenshots of the accused technology and Five9 URLs. See *Random Chat, LLC v. Camelot SI, LLC*, Case No. 2-25-cv-11583, E.D. Mich., Dkt. 1, Exhibit B at 6, 8-14 (attached as Exhibit 13)

1
2
3
4
5
6
7
8
9
10
11
12



13    35.    Several of the Defendants in the RC Complaints do business in this District, with

14    multiple Defendants that are Five9 customers having corporate offices here. On information and

15    belief, the accused technology in the RC Complaints is offered to customers through Defendants'

16    websites, which are accessible in this District. Because Random Chat's actions are aimed at

17    affecting Five9's and/or its customers' business in this District, the claim arises out of and relates

18    to activities in this District.

19    36.    Venue is proper in this District because substantial events giving rise to the claim

20    occurred in this district and Random Chat is subject to personal jurisdiction here.

21    37.    For the reasons stated herein, a substantial controversy exists between the parties

22    which is of sufficient immediacy and reality to warrant declaratory relief.

23    **INTRADISTRICT ASSIGNMENT**

24    38.    This is an intellectual property action subject to district-wide assignment pursuant

25    to Local Rules 3-2(c) and 3-5(b).

26    **THE PATENT-IN-SUIT**

27    39.    On March 19, 2013, the United States Patent and Trademark Office (the "Patent

28    Office") issued the '099 patent, entitled "Method for carrying out a multimedia communication

based on a network protocol, particularly TCP/IP and/or UDP." A true and correct copy of the '099 patent is attached as Exhibit 12. Random Chat claims to be the owner of all rights, title, and interest in the '099 patent.

## CAUSES OF ACTION

### COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '099 PATENT

40.    Five9 repeats and realleges Paragraphs 1 through 39 of this complaint as if fully set forth herein.

41.    Random Chat claims to own all rights, title, and interest in the '099 patent.

42.    In the RC Complaints, Random Chat alleges that the Defendants have "caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '099 patent," and Random Chat identifies claim 1 of the '099 patent as allegedly infringed.

43.    Claim 1 of the '099 patent recites:

A method for executing a multimedia communication, in particular at least one of a video, audio or text chat, between a totality of terminals (2) arranged in a communication network (1), which communication is based on a network protocol, in particular at least one of TCP/IP or UDP, wherein:

at least one subscriber generates a personalized user account in the form of a virtual subscriber profile on a server (3) or in a peer-to-peer network, wherein, by setting up the virtual subscriber profile, the multimedia communication is established at each of the terminals:

via the subscriber profile a mode of a subscriber selection preceding the communication, at least one of a communication type or a number of communication links to one of the terminals or the type of data transmission employed for the communication are freely defined;

the subscriber selection mode includes a random process for setting up a communication link between a selecting terminal of a first subscriber profile to at least another terminal of

a random subscriber profile; and

the subscriber selection mode includes an activatable call procedure for establishing a communication link between the selecting terminal of the first subscriber profile and at least one other terminal of a subscriber profile stored in a selection list, wherein these subscribers form a plurality of at least one of an open and a closed subscriber sub-pool, whereby all subscribers in the procedure form a total set referred to as a subscriber pool, which subscriber pool may be subdivided into a number of the subscriber sub-pools, whereby all subscribers are classified by entries within their respective subscriber profiles and arbitrarily defined contacts to other subscribers, and whereby the subscriber classifications result in the number of sub-pools, which are formed as subsets of the larger subscriber pool.

44.      Five9's technology, including its Advanced Chat Agent and Digital IVA do not infringe claim 1 of the '099 patent because they do not and cannot practice every limitation required by claim 1. Claim 1 is the only independent claim, and therefore, Five9 does not practice any claim of the '099 patent. For example, claim 1 requires "a random process for setting up a communication link between a selecting terminal of a first subscriber profile to at least another terminal of a random subscriber profile." Five9 does not perform "a random process for setting up a communication link between a selecting terminal of a first subscriber profile to at least another terminal of a random subscriber profile." For example, Five9's Advanced Chat Agent and Digital IVA pair users solely through an algorithmic and non-random process. For example, the Advanced Chat Agent prioritizes service requests based on factors defined by the Five9 customer, including agent skills, customer request priority, and/or availability. *See* Exhibit 1 (Advanced Chat Agent Technical Documentation). To pair a customer with an agent, The Advanced Chat Agent must identify the skill the customer needs and route the chat to a pre-defined skill group. The chat is placed into a queue and can be ordered by request priority. Finally, when an agent in that skill group becomes available, the chat at the top of the queue is connected to that agent. The Advanced Chat Agent does not, and cannot, pair customers and service agents randomly.

45.      Five9's Advanced Chat Agent and Digital IVA have not infringed and do not

infringe any of the claims of the '099 patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents. Five9 does not induce infringement of the '099 patent claims for at least the reasons stated above with respect to no underlying direct infringement of the '099 patent claims, and because Five9 has not acted with the specific intent necessary for induced infringement. Five9 does not contributorily infringe the claims of the '099 patent for at least the reasons stated above with respect to no underlying direct infringement of the '099 patent claims, and because Five9 has not acted with specific knowledge of infringement.

46.    As set forth above, there exists an actual controversy between Five9 and Random Chat with respect to the alleged infringement of the '099 patent of sufficient immediacy and reality to warrant issuance of a declaratory judgment. A judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights regarding the claims of the '099 patent.

47.    Five9 seeks a judicial determination that Five9 has not directly infringed, induced others to infringe, or contributed to the infringement of the claims of the '099 patent.

**COUNT II: DECLARATORY JUDGMENT OF SUBJECT-MATTER INELIGIBILITY OF THE '099 PATENT**

48.    Five9 incorporates by reference the allegations set forth in paragraphs 1 through 47 as though fully set forth herein.

49.    The claims of the '099 patent are directed to patent-ineligible subject matter under 35 U.S.C. § 101.

50.    The '099 patent is directed towards the abstract idea of pairing people for communication randomly using a computer system. The concept behind the '099 patent is functionally the same as any conventional system for randomly pairing people for communication, such as pen pal services, speed dating, or ballroom dances designed to randomize dance partners. The '099 patent merely applies this abstract idea in a conventional computer system.

51.    The specification of the '099 patent admits that chatting online was prevalent at the time of the alleged invention, and described a goal of allowing "for an 'accidental meeting' of two subscribers," enabling a first subscriber to connect with a randomly selected second subscriber, creating "a certain surprise effect similar to that encountered in everyday life." U.S. Patent No.

1    8,402,099at 2:66–3:5. The specification admits that then-existing social media platforms employed

2    "subscriber profiles," including MySpace and Facebook. *Id.* at 11:64–12:5.

3        52.    Further, the '099 patent contains no inventive concept that would render the claims

4    patent eligible. It is a conventional and generic arrangement of known, conventional computer

5    methods. The specification acknowledges that the computing methods used were all known and

6    conventional. For example, the claimed "communication network" is simply "the internet." *Id.* at

7    6:24–25. The claimed "server" is a generic component that has an "architecture consist[ing] of an

8    application server 3a and a web server 3e having common access to a subscriber database 3b." *Id*.

9    at 7:25–29. The claimed "communication links" act merely to facilitate "data flow between the

10   terminals." *Id*. at 7:1–10. Finally, the claimed "selection list" simply contains "at least one

11   subscriber profile." *Id.* at 3:31–48. No technical improvement in the capability or functionality of

12   these components is described in the '099 patent. The mere identification and description of the

13   claimed components in the specification demonstrates that the components do not improve the

14   functioning of the computer itself. *See In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 615

15   (Fed. Cir. 2016) (claims failed at step two where specification limited its discussion of "additional

16   functionality" of conventional components "to abstract functional descriptions devoid of technical

17   explanation as to how to implement the invention"). The method steps and computing components

18   claimed and described in the '099 patent as an ordered combination are conventional and add no

19   inventive concept. The '099 patent's terminals, servers, network, user accounts and profiles, chat

20   links, and other steps and components are not organized or arranged in an unconventional manner.

21       53.    Accordingly, there exists an actual judicial controversy between Five9 and

22   Defendant concerning whether the claims of the '099 patent are directed to ineligible subject matter.

23       54.    A judicial declaration that the claims of the '099 patent are directed to ineligible

24   subject matter for one or more of the reasons stated above is necessary and appropriate at this time

25   so that Five9 can ascertain its rights and duties with respect to designing, developing, and marketing

26   its technology.

27                                **PRAYER FOR RELIEF**

28       WHEREFORE, Five9 respectfully requests that judgment be entered:

A. Declaring that Five9 does not infringe, either directly, contributorily, or by inducement, any claim of the Patent-in-Suit;

B. Declaring THAT the '099 patent is directed towards a patent-ineligible abstract idea.

C. Declaring that judgment be entered in favor of Five9 and against Random Chat on each of Five9's claims;

D. Finding this to be an exceptional case under 35 U.S.C. § 285;

E. Awarding Five9 its attorneys' fees and costs in connection with this action; and

F. Awarding Five9 any other remedy or relief that the Court deems just and proper.

## **JURY DEMAND**

Five9 demands a trial by jury on all claims and issues so triable.

Dated: June 26, 2025                                Respectfully submitted,

*/s/ Michael Hendershot*
Michael Hendershot
CA. Bar. No. 211830
Eamon Heaney
CA Bar No. 360323

JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94306
Phone: (650) 739-3940
Fax: (650) 739-3900
Email: mhendershot@jonesday.com
Email: eheaney@jonesday.com

Michael Lavine
CA. Bar. No. 321727
JONES DAY
555 California St 26th floor
San Francisco, CA 94104
Phone: (415) 626-3939
Fax: (415) 875-5700
Email: mlavine@jonesday.com

***Attorneys for Plaintiff***
***Five9 LLC***